IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Christina Eleanor Bromeling, ) | Civil Action No.: 6:19-3155-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Andrew Saul, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This action is brought pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's ("Commissioner") final decision, which denied Plaintiff Christina Eleanor Bromeling's ("Plaintiff") claim for disability insurance benefits. The record includes the report and recommendation ("Report") of United States Magistrate Judge Kevin F. McDonald, which was made in accordance with 28 U.S.C. § 636 (b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.).

In his Report, the Magistrate Judge recommends that the Court affirm the Commissioner's final decision denying benefits. Plaintiff filed objections to the Report, the Commissioner filed a reply to Plaintiff's objections, and the matter is ripe for review. *See* 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to a Magistrate Judge's Report within 14 days after being served a copy). For the reasons stated below, the Court adopts the Magistrate Judge's Report and affirms the Commissioner's final decision denying benefits.

## **BACKGROUND**

Plaintiff filed for disability insurance benefits on April 28, 2016, alleging that she became unable to work on March 1, 2015. Plaintiff's application was denied initially and

upon reconsideration, and Plaintiff requested a hearing before an administrative law judge ("ALJ"). After the hearing, the ALJ issued a decision denying Plaintiff's claim on December 11, 2018. The Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff filed this action seeking judicial review on November 7, 2019.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    Judicial Review of a Final Decision

The federal judiciary plays a limited role in the administrative scheme as established by the Social Security Act. Section 405(g) of the Act provides that "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Consequently, judicial review . . . of a final decision regarding disability benefits is limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). "Substantial evidence" is defined as:

2

evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether substantial evidence exists, the reviewing court should not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of" the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (alteration in original).

## DISCUSSION

**I.   The Commissioner's Final Decision**

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301-1399, defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). This determination involves the following five-step inquiry:

> [The first step is] whether the claimant engaged in substantial gainful employment. 20 C.F.R. § 404.1520(b). If not, the analysis continues to determine whether, based upon the medical evidence, the claimant has a severe impairment. 20 C.F.R. § 404.1520(c)  If the claimed impairment is sufficiently severe, the third step considers whether the claimant has an impairment that equals or exceeds in severity one or more of the impairments listed in Appendix I of the regulations. 20 C.F.R. § 404.1520(d); 20 C.F.R. Part 404, subpart P, App. I. If so, the claimant is disabled. If not, the next inquiry considers if the impairment prevents the claimant from returning to past work. 20 C.F.R. § 404.1520(e); 20 C.F.R. § 404.1545(a) . If the answer is in the affirmative, the final consideration looks to whether the impairment precludes that claimant from performing other work.

*Mastro*, 270 F.3d at 177 (citing 20 C.F.R. § 416.920).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. Then, if the claimant successfully reaches step five, the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that the claimant could perform, taking into account the claimant's medical condition, functional limitations, education, age, and work experience. *Walls*, 296 F.3d at 290.

At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since March 1, 2015, her alleged onset date. Next, the ALJ determined that Plaintiff has the following severe impairment: lumbago. The ALJ found that Plaintiff does not have an impairment or combination of impairments that meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. With regard to Plaintiff's residual functional capacity ("RFC"), the ALJ found that Plaintiff has the residual functional capacity to perform medium work as defined in 20 C.F.R. § 404.1567(c) except that Plaintiff can never climb ladders, ropes, or scaffolds; Plaintiff can occasionally crouch, crawl, and climb ramps and stairs; and Plaintiff can occasionally, but not constantly, balance, stoop, and kneel. The ALJ found that Plaintiff is able to perform past relevant as a displayer of merchandise and a composite machine operator and labeler. Thus, the ALJ found that Plaintiff has not been under a disability from March 1, 2015, through the date of the decision.

## II.     The Court's Review

In her brief, Plaintiff summarizes the issues as follows:

4

> A. An ALJ must give reasons that are supported by substantial evidence for the weight given to the medical opinions. The ALJ discounted Dr. Jenkins's findings, giving reasons that support crediting those findings and failing to link the evidence to his conclusions, instead of relying on the non-examining consultants' opinions. It is error to discount a treating physician's opinion for unclear and unexplained reasons.
>
> B. An ALJ must "build an accurate and logical bridge" from the evidence to any adverse credibility finding. The ALJ found Bromeling's reports inconsistent with the evidence by improperly interpreting, rather than weighing, medical evidence and relying on daily activities that support her reports. An ALJ decision should be reversed where the ALJ's credibility reasoning is not supported by substantial evidence.

(ECF No. 13 at 11-23.)

The Magistrate Judge considered each of the issues raised by Plaintiff, first finding that "[t]he ALJ explained–at length–his reasons for the weight giving to Dr. Jenkins' medical opinions." (ECF No. 18 at 9.) The Magistrate Judge outlined the ALJ's findings as to Dr. Jenkins' medical opinions as well as the ALJ's findings as to the opinions of the state agency medical and psychological consultants, and the Magistrate Judge ultimately found that the ALJ properly considered the medical opinions. Accordingly, the Magistrate Judge found the ALJ's treatment of the medical opinions supported by substantial evidence.

As to the second issue raised by Plaintiff–whether the ALJ improperly evaluated Plaintiff's subjective complaints–the Magistrate Judge first noted that the ALJ cited the appropriate legal standard. Next, the Magistrate Judge explained that the ALJ specifically considered Plaintiff's allegations and her testimony but found that, while Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms was not entirely consistent with the medical evidence and other evidence of record. The Magistrate Judge summarized the reasons the ALJ gave for this finding and

5

ultimately found no error in the ALJ's treatment of Plaintiff's subjective complaints. Accordingly, the Magistrate Judge found the ALJ's decision supported by substantial evidence.

In her objections to the Magistrate Judge's Report, Plaintiff essentially reargues the issues raised in her initial and reply briefs. Nevertheless, to the extent Plaintiff specifically objects to the Magistrate Judge's findings, she claims that the Magistrate Judge is incorrect in finding that the ALJ properly explained why he discounted Dr. Jenkins' opinions. (ECF No. 20 at 2.) Plaintiff asserts that the ALJ did not build an accurate and logical bridge between the evidence and his findings, and that the Magistrate Judge "incorrectly collected bricks and built its own bridge." (*Id.* at 3.)

Next, as to the ALJ's findings regarding Plaintiff's subjective complaints, Plaintiff objects to the Magistrate Judge's finding that the ALJ relied on the impression section of Plaintiff's MRI to conclude that Plaintiff's findings were normal or no more than marginally abnormal. Plaintiff asserts: "The ALJ's conclusion is not a mere discussion of the MRI impression section because it minimizes the MRI findings and relies on them to discount Bromeling's testimony." (*Id.* at 5.)

After review, the Court is not persuaded by either of Plaintiff's objections. First, with respect to the ALJ's treatment of Dr. Jenkins' opinions, the Court fully agrees with the Magistrate Judge that the ALJ adequately explained the reasons for the weight given to Dr. Jenkins' opinions. For example, as the Magistrate Judge noted, the ALJ explained that although Dr. Jenkins treated Plaintiff multiple times for complaints of lower back pain, and problems with her lower extremities, as well as mental symptoms: Dr. Jenkins "provided only conservative care, primarily via medications"; "Dr. Jenkins is not necessarily a

specialist in the treatment of orthopedic, neurological, mental, or pain conditions"; "many of [Dr. Jenkins'] remarks conflict with most of the findings at consultative examinations"; "many of his remarks are in disagreement with his own treatment notes"; and "many of his remarks and proposed limitations contrast with those from State Agency psychological and physical medical consultants." (ECF No. 10-2 at 25.) The ALJ then described the weight given to Dr. Jenkins' opinions, e.g., "greater weight rather than controlling weight" to Dr. Jenkins' discussion of Plaintiff's mental status as of July 2016, and "little weight rather than controlling weight to the overall tenor of his remarks in June 2018 concerning the claimant's level of mental and physical functioning." (*Id.* at 25-26.) The ALJ outlined Dr. Jenkins' treatment notes, explaining that "[b]etween March 2015 and December 2017, Dr. Jenkins' treatment notes contain some abnormal clinical findings, such as tenderness in the hands and fingers, decreased range of motion and tenderness in the left knee, anxious mood, depressed mood, tenderness in the thoracic and lumbar spine, decreased range of motion in the lumbar spine, and tenderness in the left upper leg, for example." (*Id.* at 26.) The ALJ noted, however, that some of Plaintiff's visits were merely for medication management or the treatment of other conditions, such as mammography. The ALJ also noted that Dr. Jenkins' records contain a copy of the lumbar MRI, showing that Dr. Jenkins was aware of it, "which revealed no more than marginal abnormalities." (*Id.* at 27.) The ALJ also explained that Dr. Jenkins treated Plaintiff for dog bites, but that aside from the bites themselves, "there has not been a significant increase in abnormal findings concerning the lower extremities." (*Id.*) The ALJ further explained that since January of 2018, Plaintiff "continued with mostly relatively marginal abnormal findings" and that "Dr. Jenkins' treatment notes do not consistently contain references to objective abnormal findings such

7

as altered gait, reduction in motor function, positive straight leg raise, swelling or edema in the lower extremities, nerve damage in the lower extremities, muscle atrophy, decreased muscle strength, or reduced reflexes." (*Id.*) The ALJ explained that treatment for Plaintiff's mental conditions "has been conservative without recurrent visits to the ER, psychiatric hospitalization, or outpatient care with a formal mental health provider." (*Id*. at 28.)

In all, the Court wholly disagrees with Plaintiff that the Magistrate Judge "incorrectly collected bricks and built its own bridge." Rather, it is clear that the Magistrate Judge simply reviewed the ALJ's thorough decision and followed the accurate and logical bridge built by the ALJ when considering the medical opinions and other evidence of record. As such, the Court overrules Plaintiff's objection and finds that substantial evidence supports the ALJ's treatment of Dr. Jenkins' opinions.

Plaintiff next objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints. As previously mentioned, Plaintiff also argues that the ALJ's conclusion that Plaintiff's MRI findings were normal or no more than marginally abnormal minimizes the MRI findings.

Here, as the Magistrate Judge noted, the ALJ cited the correct standard for reviewing Plaintiff's subjective complaints, and the ALJ specifically considered Plaintiff's testimony and evaluated it in light of the objective medical evidence and other factors such as Plaintiff's activities of daily living and Plaintiff's medication and treatment measures. After outlining the medical evidence (as outlined thoroughly by the Magistrate Judge and briefly herein) and Plaintiff's subjective remarks and daily activities, the ALJ ultimately explained: "While the medical evidence establishes that claimant has been treated for a variety of symptoms associated with the alleged impairments, the complaints are never fully

substantiated by the evidence in the record as a whole, and the lack of substantiating evidence detracts from claimant's supportability regarding subjective allegations." (*Id*. at 27-28.)  After review and consideration of Plaintiff's arguments, the Court finds no error in the ALJ's treatment of Plaintiff's subjective complaints.  Moreover, the Court disagrees with Plaintiff that the ALJ improperly minimized the findings of the MRI.  As the Magistrate Judge correctly explained, the ALJ specifically set forth the results of the MRI in detail by reciting the specific findings from the medical report.  (*Cf. id.* at 21 and ECF No. 10-7 at 2.)  Accordingly, the Court overrules Plaintiff's objection.

## **CONCLUSION**

Based on the foregoing, it is ordered that the Magistrate Judge's Report (ECF No. 18) is adopted in full and specifically incorporated herein; Plaintiff's objections (ECF No. 20) are overruled; and the Commissioner's final decision denying benefits is affirmed.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

March 1, 2021
Charleston, South Carolina